IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS MONTGOMERY,

    Plaintiff,

vs.                                                Civ. No. 00-500 JP/WWD

STATE OF NEW MEXICO WORKERS'
COMPENSATION ADMINISTRATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On October 31, 2000, the Defendant file a Motion for Summary Judgment (Doc. No. 23). After a careful review of the briefs and the relevant law, I have determined that Defendant's motion for summary judgment is well-taken and should be granted.

I.  Background

The remaining claims in this employment lawsuit are for race and gender discrimination under Title VII of the Civil Rights Act of 1964, as amended.[1]  The Defendant argues in this motion for summary judgment that dismissal of the Title VII claims is warranted because the Plaintiff has failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission (EEOC) under 42 U.S.C. §2000e-5(f)(1).   Section 2000e-5(f)(1) "authorizes suit only after either the EEOC dismisses the charge, or after the EEOC has not filed a civil action or executed a conciliation agreement within 180 days." *Montoya v. Valencia County*, 872 F.Supp. 904, 905 (D.N.M. 1994).

It is undisputed that the Plaintiff filed a charge of discrimination with the EEOC on July

---

[1]I dismissed the Plaintiff's *prima facie* tort and wrongful termination claims with prejudice on August 1, 2000 (Doc. No. 18).

30, 1999 alleging sex discrimination and retaliation.  That same date the Plaintiff wrote to the EEOC enforcement officer asking for a right to sue letter.  On August 17, 1999, the EEOC indicated that based on the request for a right to sue letter, it would terminate any further processing of the Plaintiff's charge.  The EEOC provided the Plaintiff with a right to sue notice on September 14, 1999 which stated in relevant part:

> Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the [Defendant].

Forty-five days passed between the date the Plaintiff filed his EEOC charge and the issuance of the right to sue letter.[2]

II.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

---

[2] 29 C.F.R. §1601.28(a)(2) allows the EEOC to issue right to sue letters prior to the expiration of the 180 day period at the request of the aggrieved person.  Section 1601.28(a)(2), however, applies when the respondent is a non-governmental entity.  The respondent or Defendant in this case is a governmental entity.  I will nonetheless examine the exhaustion of administrative remedies question presented in the motion for summary judgment since the outcome of this motion for summary judgment does not contradict a dismissal based on the inapplicability of §1601.28(a)(2).

U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id*.

III.  Discussion

The Defendant argues that the right to sue letter was premature because it was issued before the 180 day period expired.  "The Tenth Circuit has not addressed the issue of whether a Title VII ... lawsuit may be filed following the EEOC's premature issuance of a right-to-sue letter." *Shepherd v. U.S. Olympic Committee*, 94 F.Supp.2d 1136, 1145 (D. Colo. 2000).  Moreover, there is a split in the circuit and district courts on whether a premature right to sue letter is allowable.  *See id.* at 1144-45; *Martini v. Federal Nat. Mortg. Ass'n*, 178 F.3d 1336,1341, 1347 (D.C. Cir. 1999), *cert. denied*, 120 S.Ct. 1155 (2000).  The District of New Mexico, however, has consistently held that the EEOC cannot issue right to sue letters before the 180 day period has expired.  *Ward v. Wal-Mart Stores, Inc.*, Civ. 99-1070 BB/WWD, unpublished Memorandum Opinion and Order (Doc. No. 36), filed July 11, 2000 (D.N.M.)(citing District of New Mexico cases including *Montoya*, 872 F.Supp. at 906).  Following our District's cases, I find that the Plaintiff's right to sue letter is impermissibly premature.  Consequently, the Plaintiff has not exhausted his administrative remedies.

The Defendant maintains that the Plaintiff's failure to exhaust administrative remedies should result in a dismissal of the remainder of this case with prejudice because the Plaintiff was aware at the time he requested the right to sue letter that some courts require the expiration of the 180 day period before the EEOC can issue a right to sue letter.  A lay person's knowledge of a

split in the courts on a point of law does not require dismissal with prejudice, especially when this circuit has not decided that point of law. I, therefore, reject the Defendant's argument for dismissal with prejudice.

The Plaintiff, on the other hand, states that a dismissal without prejudice is appropriate so that the EEOC can continue its investigation of the Plaintiff's charge during the remaining 135 days. *See Martini*, 178 F.3d at 1348. I agree. Dismissal of the Title VII claims should be without prejudice.

IT IS ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 23) is granted and the Title VII claims will be dismissed without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:         Donald R. Sears, Jr.
                               Albuquerque, New Mexico

Counsel for Defendant:         Cheryl O'Connor
                               New Mexico Legal Bureau/Risk Management Division
                               Santa Fe, New Mexico

                               Marcia E. Lubar
                               Marcia E. Lubar & Associates
                               Albuquerque, New Mexico